UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KHEIBARI,

        Plaintiff,

v.                                                                 Case No. 14-11496
                                                              Honorable Linda V. Parker

RITE AID CORPORATION,

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

On April 14, 2014, Plaintiff, without the assistance of counsel, initiated this lawsuit against Defendant alleging employment discrimination. Plaintiff has since retained counsel to represent him in this matter. (ECF No. 10.) The case initially was assigned to the Honorable Lawrence P. Zatkoff, now deceased. On February 22, 2015, after his passing, the matter was reassigned to the undersigned pursuant to Administrate Order 15-AO-015.

Pending at the time of the reassignment was Defendant's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 19, 2014. (ECF. No. 8.) The motion has been fully briefed. The Court finds the facts and legal arguments adequately presented in the parties' papers such that the decision-making process would not be significantly aided by oral argument. Thus the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local

Rule 7.1(f)(2). For the reasons that follow, the Court is granting in part and denying in part Defendant's motion.

## I. Background

Plaintiff is an Iranian American. (ECF No. 1 at Pg ID 2.) In his Complaint, which consists of a form "Complaint of Employment Discrimination" made available by the court, Plaintiff indicates that he worked as an assistant/floating manager at Rite Aid stores in his district. (*Id*. at Pg ID 1.) He claims that he was subjected to discrimination based on his country of origin, language, religion, and age from May to November 2012. (*Id*. at Pg ID 1-2.) According to Plaintiff, the discrimination led him to attempt suicide while working at a Rite Aid store on November 23, 2012. (*Id*. at Pg ID 2.) Plaintiff claims that Defendant fired him in retaliation. (*Id*.)

The form complaint Plaintiff completed provides six different boxes that a plaintiff may check to identify the form of discrimination suffered: (A) race; (B) color; (C) gender; (D) age; (E) national origin; and (F) "ADA-defined disability/other" (with space to identify the other form of discrimination claimed). (ECF No. 1 at Pg ID 2.) Plaintiff checked all but (C). (*Id*.) Plaintiff indicates that he filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding Defendant's alleged discriminatory conduct and received a right to sue letter on January 14, 2014. (*Id*. at Pg ID 1-2.)

On the EEOC Charge of Discrimination completed by Plaintiff, he indicated that he had been subjected to discrimination based on his age, disability and national origin. (ECF No. 8-3.) Plaintiff reported that from March 19, 2011 through 2012, he was subjected to discriminatory harassment by Defendant's District Manager who "made racial comments like 'I am uncomfortable talking to you because of your accent,' 'I have a problem with your language,' 'where were you born, I will monitor you because you were not born here.' " (*Id*.) Plaintiff also alleged that he was subjected to age-based comments. (*Id*.) Plaintiff claimed that he had applied for and was denied several positions, despite being the most qualified candidate for the positions. (*Id*.) Plaintiff indicated that he was discharged on June 22, 2013.

## II.  Defendant's Motion to Dismiss

Defendant first seeks dismissal of Plaintiff's Complaint in its entirety, contending that "Rite Aid Corporation" was not Plaintiff's employer and therefore is not liable for the alleged discrimination. According to Defendant, Plaintiff was employed by "Rite Aid Services, LLC" which provides management services for Defendant's Michigan stores. (ECF No. 8 at Pg ID 90, citing Ex. 1 ¶¶ 2-3.) Alternatively, Defendant argues that Plaintiff's claims of discrimination based on race and color must be dismissed because he did not exhaust claims of discrimination based on race or color with the EEOC.

In response, Plaintiff requests leave to amend his Complaint to name the real party in interest, Rite Aid Services, LLC. (ECF No. 12.) Plaintiff does not address Defendant's argument that any claim of discrimination based on race or color should be dismissed.

**III.   Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## IV.   Applicable Law and Analysis

The Sixth Circuit Court of Appeals has instructed that "where a plaintiff alleges a serious claim yet sues the wrong defendant, the action should not be dismissed on that basis, even when the plaintiff failed to file a motion to amend or respond to the motion to dismiss." *Riblet v. Seabold*, No. 88-6010, 1989 WL 25265, at *1 (6th Cir. Mar. 22, 1989) (citing *Berndt v. Tennessee*, 796 F.2d 879, 882 (6th Cir. 1986)). When a plaintiff does seek leave to amend, Rule 15 of the Federal Rules of Civil Procedure instructs that leave should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a). The Sixth Circuit has

recognized that Rule 15 sets forth no specific procedure for seeking leave to amend and a variety of methods, in addition to the filing of a motion, have been recognized as sufficient. *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing 6 Wright & Miller, Federal Practice and Procedure § 1485 (1971 & 1981 Cum. Supp.)).

This Court finds that justice is best served by allowing Plaintiff to amend the Complaint to name the entity that was his employer. As Plaintiff indicates, "Rite Aid Services, LLC" clearly has received proper notice of this lawsuit. Further, Defendant does not suggest that there will be undue prejudice caused by Plaintiff's amendment.

The Court finds, however, that Plaintiff's claims of discrimination based on race and color must be dismissed because these allegations were not included in the EEOC Charge. Moreover, the factual allegations in Plaintiff's Complaint do not support those claims.

"Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge." *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (citing *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544-45 (6th Cir. 1991)). As the Sixth Circuit later clarified, the phrase "expected to grow out of the EEOC charge"

means that, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). Similarly, a claim will not be barred "[w]hen the EEOC investigation of one charge *in fact* reveals evidence of a difference type of discrimination against the plaintiff[.]" *Id.* (emphasis in original). The Sixth Circuit warned, however, that "the scope of a plaintiff's complaint does not automatically expand due to his membership in more than one minority group." *Id.* at 464 (citing *Ang*, 932 F.2d at 546).

In his EEOC charge, Plaintiff did not allege facts suggesting that he suffered discrimination on account of his race or color. Although Plaintiff refers to race, he seems to conflate race with national origin. It is clear that what he is alleging is that he suffered discrimination based on his national origin rather than his race or color. Similarly, Plaintiff's Complaint when liberally construed in his favor fails to state race or color discrimination claims.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 8] is **GRANTED IN PART and DENIED IN PART** in that Plaintiff's claims of race and color discrimination are dismissed;

**IT IS FURTHER ORDERED,** that Plaintiff may file an amended complaint **within fourteen (14) days** of this Opinion and Order which names "Rite Aid Services, LLC" as the defendant.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 12, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 12, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
