UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSITA AMINI,

       Plaintiff,

v.                                         Case No. 14-11496
                                         Honorable Linda V. Parker

RITE AID CORPORATION,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 7.1(H)

On April 14, 2014[1], Plaintiff Michael Kheibari, without the assistance of counsel, initiated this lawsuit against Defendant, Rite Aid Corporation, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 623, and the Michigan Elliot-Larsen Civil Rights Act ("ELCRA"), MICH. COMP. LAWS § 37.2202. Plaintiff has since retained counsel in this matter. (ECF No. 10.) Given that Mr. Kheibari passed during the pendency of this litigation, on September 26, 2017, the Court granted Plaintiff's request to substitute Rosita Amini, Mr. Kheibari's daughter and Personal Representative of his estate, as the proper-plaintiff. (ECF No. 78.) On September 26, 2017, this

---

[1] The case initially was assigned to the Honorable Lawrence P. Zatkoff, now deceased. On February 22, 2015, after his passing, the matter was reassigned to the undersigned pursuant to Administrate Order 15-AO-015.

Court granted Defendant's motion for partial summary judgment and dismissed Plaintiff's discharge claims. (ECF No. 77.)

Presently before the Court is Defendant's motion for reconsideration filed on September 29, 2017. (ECF No. 79.) Plaintiff filed a response to the motion on October 31, 2017. (ECF No. 84.) For the reasons that follow, the Court is granting Defendant's motion for reconsideration.

**Applicable Law & Analysis**

Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and a different disposition of the case would result from a correction of such defect. E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F. 3d 367,

374 (6th Cir.1998)).  Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*.

Defendant correctly argues, and Plaintiff concedes, that Defendant requested the dismissal of that portion of Count X related to retaliation based on the discharge claims in its motion for partial summary judgment.  Given the Court dismissed Plaintiff's discharge allegations, and consistent with this Court's September 26, 2017 Order and Opinion, the Court is dismissing Count X of the Amended Complaint to the extent Plaintiff alleges retaliation based on the discharge claims.  Count X of the Amended Complaint alleging retaliatory harassment remains before the Court.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for reconsideration (ECF No. 79) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Count X of Plaintiff's Amended Complaint is dismissed to the extent it alleges retaliation based on the discharge claims.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 2, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager