UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSITA AMINI,

        Plaintiff,

v.                                                          Case No. 14-cv-11496
                                                         Honorable Linda V. Parker

RITE AID CORPORATION,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE PROTECTIVE ORDER

On April 14, 2014, Plaintiff Michael Kheibari[1] initiated this lawsuit against Defendant, Rite Aid Corporation, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 623, and the Michigan Elliot-Larsen Civil Rights Act ("ELCRA"), MICH. COMP. LAWS § 37.2202.

On September 26, 2017, this Court granted Defendant's motion for partial summary judgment and dismissed Plaintiff's discharge claims. (ECF No. 77.) Presently before the Court is Plaintiff's Motion to Set Aside Protective Order, filed

---

[1] Given that Mr. Kheibari passed during the pendency of this litigation, on September 26, 2017, the Court granted Plaintiff's request to substitute Rosita Amini, Mr. Kheibari's daughter and Personal Representative of his estate, as the proper-plaintiff. (ECF No. 78.)

February 13, 2018, and Defendant's response, filed February 27, 2018. (ECF Nos. 90 & 91.)

## Applicable Law & Analysis

Rule 60(b) provides relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from judgment may be granted pursuant to Rule 60(b)(1) where the Court's judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A motion for relief under Rule 60(b)(1) is intended to provide relief to a party in two instances: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). "As such, Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Although Rule 60(b)(6) permits a court to grant relief for "any other reason that justifies" it, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F. 3d 381, 387 (6th Cir. 2001). The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990).

On February 6, 2016, Magistrate Judge Davis entered a Protective Order precluding Plaintiff from taking the deposition of David Rickett, Defendant's Regional Manager. (ECF No. 42 at Pg ID 642.) Plaintiff filed a motion seeking to set aside the Protective Order but failed to articulate why the Protective Order should be set aside. According to Defendant, Plaintiff had the opportunity to depose David Rickett on two occasions: during the initial discovery period and when Magistrate Judge Davis gave Plaintiff a choice to depose two of the seven witnesses. (ECF No. 91 at Pg ID 1710.) Of the seven, Plaintiff chose to depose Janice Farrell-Rawls and Dan Snyder. (*Id.*; ECF No. 42 at Pg ID 642.)

Because Plaintiff chose not to depose David Rickett on two occasions and pursuant to Magistrate Judge Davis' Protective Order, the Court declines to set aside the Protective Order. Nothing has changed in this case since the Protective Order was entered to allow David Rickett's deposition to be taken at this stage of

3

the litigation. The Court permitted Defendant to take discovery because Mr. Kheibari committed suicide during the pendency of this case, and Plaintiff intends to argue Mr. Kheibari's suicide was related to this case. The Court finds Plaintiff's request to depose David Rickett has no relevance on that issue, and Plaintiff has not shown otherwise. Most importantly, Plaintiff has not identified any legal reason as to why Magistrate Judge Davis' Protective Order should be vacated, including any unusual and extreme circumstances pursuant to Rule 60(b)(6).

Therefore, the Court declines to set aside Magistrate Judge Davis' Protective Order, and Plaintiff's motion is denied.

## Conclusion

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion (ECF No. 90) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 26, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 26, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager

4