UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSITA AMINI, *as Personal Representative of the Estate of Michael Kheibari*,

      Plaintiff,

v.

RITE AID CORPORATION,

      Defendant.
_____/

Case No. 4:14-cv-11496
Hon. Linda V. Parker

**OPINION AND ORDER DENYING DEFENDANT'S MOTION REQUESTING ORDER TO SHOW CAUSE (ECF NO. 140)**

On April 14, 2014, Michael Kheibari ("Plaintiff") initiated this lawsuit against Defendant Rite Aid Corporation ("Rite Aid"), alleging various employment-related claims. When Plaintiff passed during the pendency of the litigation, the Court permitted Rosita Amini ("Amini"), Plaintiff's daughter, to substitute as personal representative of his estate. (ECF No. 78.)

On September 26, 2017, the Court granted Rite Aid's motion for partial summary judgment and dismissed the claims related to Plaintiff's termination (ECF No. 77) and, on August 20, 2019, the Court granted Rite Aid's motion for summary judgment as to the remaining hostile work environment and retaliation claims (ECF No. 130). The Clerk of Court subsequently taxed costs in favor of Rite Aid in the amount of $3,266.45. (ECF No. 134); *see* Fed. R. Civ. Proc.

54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

This matter is presently before the Court on Defendant's Motion Requesting Order to Show Cause "why [Amini] should not be held in civil contempt until costs are paid." (ECF No. 140 at Pg. ID 3330.) Rite Aid states that, "[a]s of this writing, and in spite of repeated attempts by Rite Aid to secure voluntary compliance, [Amini] has failed to pay th[e] taxed costs, claiming that only [Plaintiff]'s estate (which she claims has no assets) is liable for satisfying the costs award." (*Id.*) Amini responded to Rite Aid's motion. (ECF No. 143.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Local Rule 7.1(f)(2). For the reasons that follow, the Court denies Rite Aid's motion.

## APPLICABLE LAW & ANALYSIS

Rite Aid argues that "[f]ederal law requires Amini, who was substituted as the real party in interest at her request, to pay the court costs incurred [by] Rite Aid in defending against this case." (ECF No. 144 at Pg. ID 3413.) According to Rite Aid, "[Amini] has failed to present any argument or authority that allows her to dodge that clear responsibility merely because she does not like the outcome." (*Id.* at Pg. ID 3414.) Though neither party points to the authorities relevant to resolving the issue of whether a personal representative should be held personally

2

liable for litigation costs, the Court's own research suggests that Rite Aid's argument is without support.

As alluded to by Rite Aid, Federal Rule of Civil Procedure 17 states that "[a]n action must be prosecuted in the name of the real party in interest." The Sixth Circuit has explained that "the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law" and "[t]he real party in interest analysis turns on whether the substantive law creating the right being sued upon affords the party bringing suit a substantive right to relief." *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 730 (6th Cir. 2016) (quoting *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994)). Of course, the governing substantive law in a diversity action is state law and, in this case, Michigan law. *See Layne*, 26 F.3d at 43 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)).

In Michigan, "a personal representative is a separate entity from the estate served and [] the estate, not the personal representative, remains 'the real party in interest . . . for whose benefit the action is brought.'" *Shenkman v. Bragman*, 682 N.W.2d 516, 519 (Mich. Ct. App. 2004) (citing MCR 2.201(B)); *see also Ross v. Tousignant*, No. 302458, 2012 WL 5233591, at *2 (Mich. Ct. App. Oct. 23, 2012) ("An estate is the real party in interest, even though the personal representative acts for and represents the interests of the estate."). Rite Aid's argument that, "once

3

[Amini] was substituted as the real party in interest in this case, [she] became responsible for compliance with all of the Court's orders, including the taxed bill of costs" fails because, as Michigan law makes clear, Amini was not substituted as the real party in interest when she became Plaintiff's personal representative. (ECF No. 144 at Pg. ID 3414.) Rather, the real party in interest remained Plaintiff's estate.

Rite Aid also argues that Amini is individually liable pursuant to Michigan Compiled Law 700.3808(2), which states that "[a] personal representative is individually liable for an obligation arising from ownership or control of the estate or for a tort committed in the course of estate administration only if the personal representative is personally at fault." Rite-Aid argues that Amini satisfies both requirements because she controlled Plaintiff's estate and "is at fault for these costs because she made the choice to pursue this litigation." (ECF No. 144 at Pg. ID 3417.) According to Rite Aid, Ballentine's Law Dictionary defines "fault" as "[a]n error or defect of judgment or conduct" and "Amini made an error in judgment pursuing a case that did not have merit." (*Id.* at Pg. ID 3418.) The Court is not persuaded.

Under Michigan Compiled Law 700.3715(x), "a personal representative, acting reasonably for the benefit of interested persons, may . . . [p]rosecute or defend a claim or proceeding in any jurisdiction for the protection of the estate."

4

And "[i]f a personal representative . . . defends or prosecutes a proceeding in good faith, whether successful or not, the personal representative is entitled to receive from the estate necessary expenses and disbursements including reasonable attorney fees incurred." Mich. Comp. Laws 700.3720; *see also In re Awad Estate*, No. 310660, 2013 WL 1776280, at *2 (unpublished) (Mich. Ct. App. Apr. 25, 2013) ("[L]egal services rendered [o]n behalf of an estate are compensable where the services confer a benefit on the estate by either increasing or preserving the estate's assets." (quoting *In re Sloan Estate,* 538 NW2d 47, 49 (Mich. Ct. App. 1995))). In *In re Estate of Wetsman*, the Michigan Court of Appeals affirmed the probate court's determination that a son, who served as the personal representative of his mother's estate, was "personally liable" for the fees and costs awarded because "the son utilized the[] legal services to improve his own position . . . rather than to benefit the estate." No. 317081, 2014 WL 7338873, at *1 (Mich. Ct. App. Dec. 23, 2014); *see also In re Estate of Doss*, No. 303322, 2014 WL 556331, at *10 (Mich. Ct. App. Feb. 11, 2014) (finding personal liability for attorneys' fees and costs where personal representative's actions were "willful[ ], malicious[ ] and with the intent to defraud the other heirs of the [e]state"). Because Rite Aid identifies no part of the record suggesting that Amini prosecuted this matter in bad faith, the Court is not persuaded by its argument that Michigan law requires the Court to hold Amini personally liable.

Rite Aid further contends that the "procedural obligations" under Federal Rule of Civil Procedure 54(d) require Amini to pay the taxed costs. (ECF No. 144 at Pg. ID 3417.) Rule 54(d) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). As can be seen, nothing in this rule touches on whether a personal representative of an estate should be held personally liable for taxed costs in lieu of the estate.

## CONCLUSION

Ultimately, Rite Aid has offered no controlling or persuasive authority to support the proposition that Amini, as personal representative of Plaintiff's estate, is personally liable for the taxed costs in this case. The Court, therefore, denies Rite Aid's motion.

Accordingly,

**IT IS ORDERED** that Defendant's Motion Requesting Order to Show Cause (ECF No. 140) is **DENIED**.

**IT IS FURTHER ORDERED** that Amini's "request[] [that] the Court [] sanction [Rite Aid] $3,000.00 for bringing a frivolous motion" (ECF No. 143 at Pg. ID 3350, 3359) is **DENIED**. *See* E.D. Mich. Electronic Filing Policies and Procedures, Rule 5(f) ("[A] response . . . to a motion must not be combined with a

counter-motion.").

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 25, 2021